THE STATE, on the Relation of DOUGHERTY, *v.* SAYER.

SURETY OF THE PEACE.—In a proceeding for surety of the peace, the question as to just cause of fear relates to the time of the institution of the proceeding, and not to the time of the trial.

SAME.—If, on the final trial of a proceeding for surety of the peace, it is found that the fears have, since the commencement of the proceeding, ceased to exist, this fact may be considered by the court in determining the time and amount of the recognizance to be entered into by the defendant, but it will not entitle him to an unconditional discharge, at the costs of the relator.

APPEAL from the Fulton Common Pleas.

WORDEN, J.—Ephraim Dougherty filed his affidavit for surety of the peace against the appellee before a justice, on which such proceedings were had as that the cause went to the court of common pleas, where it was tried by a jury, who returned the following verdict and answers to questions propounded to them, viz.:

1st. "Did the complaining witness have just cause to entertain his fears expressed in his affidavit (so far as the same relates to the defendant), at the time he made and filed his affidavit with the justice of the peace?" Answer. "Yes."

2d. "Has the complaining witness just cause to entertain his fears, expressed in his affidavit (so far as relates to the defendant), at this time?" Answer. "No."

"We, the jury, find that the complaining witness, Ephraim Dougherty, has not just cause to entertain his fears, expressed in his affidavit, at this time."

Upon this verdict the court discharged the defendant, and rendered judgment against Dougherty for the costs in the case. Dougherty excepted.

We are of opinion that the action of the court was erroneous. Under the statute regulating proceedings for surety of the peace (2 G. & H. 640), we think if a party applying for such surety has, at the time he makes and files his affidavit with the justice for that purpose, just cause to fear,

and does fear, that the defendant will commit such an injury as is mentioned in the statute, the case is made out, and judgment should be rendered against the defendant. In other words, the question as to just cause of fear relates to the time of the institution of the proceedings, and not to the time of the final trial. It would be a mockery of justice, where proceedings under this statute are justly and for good cause instituted, to turn the party instituting them out of court and mulct him in the costs on the final trial in the court of common pleas, because, at that time, there was no just cause of the fears which rightfully led to the institution of the proceedings.

If, on the final trial, it appears that, although there was just cause for entertaining the fears alleged and for the institution of the proceedings, yet that circumstances have intervened that render the fears groundless at the time of the final trial, this may well be considered by the court in determining the time and the amount of the recognizance to be entered into by the defendant for keeping the peace in future; but it does not entitle the defendant to be unconditionally discharged at the costs of the prosecuting witness.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to render judgment in accordance with this opinion.

*D. Turpie* and *D. P. Baldwin,* for appellant.

*H. B. Jamison,* for appellee.