### THE STATE, EX REL. SCHMALTZ, *v.* KIEFEL.

SURETY OF THE PEACE.—*Practice.*—*Judgment.*—In a proceeding for surety of the peace, the parties agreed, in the circuit court, that the cause should be dismissed, at the costs of the defendant, without any trial of the issue or finding or verdict thereon.

*Held,* that the court could not order the defendant to stand committed until the costs should be paid or replevied.

From the Dearborn Circuit Court.

*G. R. Brumblay* and *J. Schwartz,* for appellant.

DOWNEY, J.—Schmaltz instituted a proceeding in the name of the State, on his relation, against Kiefel, for surety of the peace, before the mayor of Lawrenceburgh. The defendant was arrested and brought before the mayor, where, " having

waived his right to an examination," he was required by the mayor to enter into a recognizance for his appearance at the next term of the circuit court, and that, in the meantime, he would keep the peace, which recognizance he accordingly gave. At the next term of the circuit court, the parties appeared, and it was agreed between them " that the said cause be no further prosecuted, but be dismissed at the costs of the defendant." Thereupon the prosecuting attorney and the relator moved the court to render judgment in the cause, that the defendant pay the costs accrued in the cause, and that he stand committed until the same be paid or replevied. This motion the court overruled, and the movers excepted. The court then rendered an ordinary judgment that the relator recover of the defendant his costs expended, to which the prosecuting attorney and the relator again excepted. The point as to the correctness of these rulings having been reserved, they are here assigned as error.

Counsel for appellant refer us to 2 G. & H. 642, sec. 26, in support of their position. The section is as follows : " Such cause shall be docketed and tried," etc., " under the rules governing such trials before justices ; and, if the finding of the court, or the verdict of the jury, be against the defendant on the issue, such court shall require of such defendant recognizance and surety that he will keep the peace for such length of time as the court may direct, and shall also give judgment against him for costs, and that he stand committed until the same be paid or replevied."

According to this section, there must be a finding of the court or a verdict of a jury " against the defendant on the issue ;" that is, " whether the complaining witness had just cause to entertain the fears expressed in his affidavit," in the language of section 23, on p. 641, before the court can compel him to enter into the recognizance, give judgment against him for costs, and order him to stand committed until the same be paid or replevied.

The fact that the parties agreed that the cause be no further

prosecuted was not equivalent to a finding or verdict against the defendant " on the issue."

Counsel for appellant also refer us to *The State* v. *Sayer*, 35 Ind. 379, in aid of their views. But we think it clear, that the case is not an authority upon the point in question. The parties having agreed that the cause should be dismissed, at the costs of the defendant, without any trial of, or finding or verdict upon, the issue, we think the court was right in refusing to order the defendant to stand committed until the costs should be paid or replevied.

The judgment is affirmed, with costs against the relator.