## BRUCE v. EAST, SHERIFF.

No. 2493.   Decided July 20, 1913 (134 Pac. 1175).

1. INTOXICATING LIQUORS—CRIMINAL PROSECUTION — COMPLAINT — PLACE AS ELEMENT OF OFFENSE.  While, under Laws 1911, c. 106, sec. 36, providing that, in all prosecutions for the unlawful sale of liquors under the act, it shall be necessary to state the time and place of sale, but not necessary to state the kind of liquor sold, nor to describe the place where sold, the place of sale should be stated in general terms, yet a failure to do so is not jurisdictional and not an essential ingredient of the offense and hence does not vitiate the judgment of conviction. (Page 329.)

2. HABEAS CORPUS—ERRORS AND IRREGULARITIES—DEFECTS IN COMPLAINT.  Unless the complaint fails to state some jurisdictional fact or some essential ingredient constituting the offense whereby the court is left without jurisdiction, a judgment of conviction will not be reviewed on *habeas corpus*, but the error, if reviewed at all, must be done on appeal.  (Page 330.)

APPEAL from District Court, Fourth District; *Hon. A. B. Morgan,* Judge.

*Habeas Corpus* proceedings by H. S. Bruce against Henry East, Sheriff of Utah County.

Judgment quashing the writ. Petitioner appeals.

AFFIRMED.

*Zane, Stringfellow & Whitaker* for appellant.

*Grant Bagley* and *J. H. McDonald* for respondent.

FRICK, J.

On the 25th day of February, 1913, a complaint under the statute was filed in the office of one E. L. Jones, a justice of the peace in and for Provo Precinct, Utah County, Utah, in which it was charged that the appellant, on the 21st day of February, 1913, "at Utah County, State of Utah, . . . did then and there willfully and unlawfully sell, furnish, and deliver to Frank Walker intoxicating liquor, to wit, one pint of whisky, without first procuring a license so to do as provided by law; he (the said H. S. Bruce, appellant) then and there not being a registered pharmacist, druggist, licensed pharmacist, or wholesale druggist, contrary to the provisions of the statute," etc. Trial before said justice upon said complaint resulted in a conviction, and appellant was sentenced to imprisonment in the county jail of Utah County as provided by statute. After said conviction and commitment appellant presented his petition to the district court of Utah County asking that he be discharged from said imprisonment upon the ground that the judgment of conviction was illegal and void. The district court duly issued a writ of *habeas corpus* but upon a hearing quashed the same and refused to discharge the appellant and entered judgment remanding him back to the custody of the sheriff of Utah County, from which judgment he appeals.

The only error assigned is that the district court erred in refusing to discharge the appellant for the reason "that the complaint failed to state or charge a public offense against the defendant in this: That it nowhere alleges the place where the alleged offense occurred."

It will be observed that no particular place where the liquor was sold or delivered is stated in the complaint. All that is alleged in that regard is that the sale and delivery occurred "at Utah County, State of Utah." We have a statute (Comp. Laws 1907, section 691) which, among other things, provides:

"Justices' courts have jurisdiction of the following public offenses committed within the respective counties in which such courts are established."

Then follows an enumeration of the offenses of which such justices' courts have jurisdiction, which includes the one charged.

Counsel for appellant concede at the outset that, if the appellant had been charged with having committed an assault and battery or petit larceny or other misdemeanor within the justice's jurisdiction, the justice would have had jurisdiction, although no particular place where the offense was committed was stated therein if it occurred within the county in which the justice held his office. They, however, insist that such is not the case where the statute requires the place of sale to be stated. Chapter 106, under which appellant was prosecuted (Laws Utah 1911, section 36), provides:

"In all prosecutions under this act, . . . it shall be necessary to state the time and place of sale but shall not be necessary to state the kind of liquor sold, nor to describe the place where sold."

If it be held that the particular place where the liquor was sold should under all circumstances be alleged in the complaint, yet the question to be determined on this appeal is whether a failure to do so in any way affects the jurisdiction of the court in which the conviction is had. We are clearly of the opinion that the omission constitutes merely

an irregularity which in no way affects the jurisdiction of the court before whom the complaint is filed or the case is tried. In the case at bar nothing is before us except the complaint filed in the justice court. It may well be that the offense was committed on a highway or at some place away from any house or place of business; and, if so, it would be a difficult matter to state the place in a manner other than was done, namely, by alleging that it occurred in Utah County. The statement that it occurred in said county made it manifest to the justice before whom the complaint was filed that the offense charged was committed within his territorial jurisdiction, and this was enough to confer jurisdiction upon him to try the case. By adopting the statute it no doubt was intended that if a sale occurred at a place of business, or at a house, or at some other known place, the place of sale should be stated in general terms. From a consideration of the whole statute it is, however, clear that it was not intended to make the statement of the place jurisdictional. The failure to state the particular place of sale and delivery must therefore be regarded as a mere defect in stating the offense rather than an omission to state an essential ingredient thereof. Where such is the case, the judgment of conviction is not void, and hence *habeas corpus* is not the proper remedy.

Upon this point the courts are practically unanimous. The rule is well and tersely stated by the Supreme Court of Minnesota in *State v. McMahon,* 69 Minn. at page 267, 72 N. W. at page 80, 38 L. R. A. 675, in the following words:

"After judgment the sufficiency of the complaint cannot be reviewed or considered on *habeas corpus* but only on appeal. *Habeas corpus* takes cognizance only of defects of a jurisdictional character, which render the proceeding not merely voidable but absolutely void."

Among the numerous cases which support the foregoing quotation we refer to the following: *State v. Sheriff, etc.,* 24 Minn. 87; *State v. Riley,* 116 Minn. 1, 133 N. W. 86;

*Ex parte Martinez* (Tex. Cr. App. Mar. 1912) 145 S. W. 959; *Chemgas v. Tynan,* 51 Colo. 35, 116 Pac. 1045; *Ex parte Justus,* 3 Okl. Cr. 111, 104 Pac. 933, 25 L. R. A. (N. S.) 483; *Ex parte Caldwell,* 82 Neb. 544, 118 N. W. 133.

In the last case cited the rule is laid down in the headnote, which in Nebraska controls, in the following words:

"After trial and conviction for an alleged misdemeanor, a prisoner will not be liberated on a writ of *habeas corpus* because of the insufficiency of the complaint in said criminal proceedings, if by any possible construction of the language employed therein an offense against the law is thereby even defectively stated."

Indeed, counsel for appellant concede in their brief that, unless we make an exception in this case because of the statutory requirement referred to, *habeas corpus* is not the proper remedy. We are clearly of the opinion that the statute does not require such an exception to be made, and hence we can make none. We hold, therefore, that, while under the statute the place of sale should be stated in general terms, yet a failure to do so is not jurisdictional and is not an essential ingredient of the offense charged and hence does not vitiate the judgment of conviction. Further that, unless the complaint fails to state some jurisdictional fact or some essential ingredient constituting the offense sought to be charged whereby the court is left without jurisdiction, a judgment of conviction will not be reviewed on *habeas corpus,* but the error, if reviewed at all, must be done on appeal.

McCARTY, C. J., and STRAUP, J., concur.