## ARESON v. PINCOCK, Sheriff.

No. 4082.   Decided December 1, 1923.   (220 Pac. 503.)

1. BREACH OF THE PEACE—ELEMENT OF FEAR NOT REQUIRED BY STATUTE TO BE STATED IN COMPLAINT. Under Comp. Laws 1917, §§ 8567-8570, 8575, providing for arrest and placing under security to keep the peace, the element of fear that threats will be carried out is not required to be specifically stated in the complaint, but is to be concluded from facts laid before the magistrate as a prerequisite to issuance of the warrant.

2. BREACH OF THE PEACE—PROOF OF THREATENED OFFENSE AND BELIEF OF COMPLAINANT NOT AS MATTER OF LAW INSUFFICIENT TO AUTHORIZE WARRANT. It cannot be said as a matter of law that sworn proof of a threatened offense and the belief of complainant that it will be carried into execution is insufficient to authorize a magistrate to conclude that there is just reason to fear the commission of the offense for the purpose of issuing a warrant to require security to keep the peace.

3. HABEAS CORPUS—DEFECTS OF JURISDICTIONAL CHARACTER TAKEN COGNIZANCE OF BY HABEAS CORPUS. Habeas corpus takes cognizance only of jurisdictional defects which render a proceeding not merely voidable, but absolutely void.

4. HABEAS CORPUS—QUESTION OF SUFFICIENCY OF COMPLAINT IN PROCEEDING FOR SECURITY TO KEEP PEACE NOT ONE OF JURISDICTION. The question whether the complaint in a proceeding to require security to keep the peace was sufficient to state a cause of action where it omitted to state that there was reason to fear the commission of the offense threatened was not one of jurisdiction, and cannot be inquired into in habeas corpus proceedings.

5. BREACH OF THE PEACE—JUDGMENT IN PRESENT TENSE INSTEAD OF AS TO TIME COMPLAINT FILED HELD SUFFICIENT. In proceeding to require security to keep the peace, a judgment finding that there is just reason to fear that defendant will carry into execution the threat made is not fatally defective because in the present tense instead of as of the time when complaint was filed.

Original application by Nels Areson for writ of habeas corpus against R. D. Pincock, as sheriff of Weber County.

WRIT DENIED.

*John G. Willis,* of Ogden, for plaintiff.

*D. J. Wilson,* Co. Atty., of Ogden, for defendant.

CHERRY, J.

Upon the petition of Nels Areson, alleging that he was illegally restrained of his liberty by the sheriff of Weber county, a writ of habeas corpus was issued, to which the sheriff made his return according to law.

The facts necessary to be considered are alleged in the petition, and are not disputed. On June 18, 1923, Geo. F. Fullmer filed a complaint before Hon. George S. Barker, judge of the Second judicial district court, sitting as a magistrate, charging Nels Areson, defendant (the petitioner herein), with having made a series of specific threats of personal violence against him, on divers dates on and between January 21, 1922, and June 6, 1923, and "that complainant verily believes that unless said defendant is arrested and placed under security to keep the peace that he will carry out his threats against this complainant and others, for said defendant is prepared to execute his threats unless restrained."

A hearing was had before the magistrate on November 14, 1923, at the conclusion of which he found that "the defendant has frequently threatened to inflict great bodily harm upon the complainant, even to kill the complainant, and it further appearing that there is just reason to fear that said defendant will carry into execution the threats so made," and ordered the defendant to enter into an undertaking in the sum of $2,000 to keep the peace, etc., or in default thereof to be committed to the custody of the sheriff to be by him imprisoned in the county jail until he give such undertaking or is legally discharged.

The defendant failed to give the undertaking, whereupon a commitment was issued pursuant to the order, and he was imprisoned in the county jail of Weber county.

The particular respects wherein it is claimed the restraint
is illegal are:   (1) That the complaint is insufficient to state
a cause of action or to confer jurisdiction upon the court,
because it omits to state "that there is just reason to fear
the commission of the offense threatened"; that the state-
ment in the complaint "that the complainant verily believes
that unless said defendant is arrested and placed under se-
curity to keep the peace he will carry out his threats," etc.,
is insufficient; and (2) that the finding of the magistrate
"that there is just reason to fear that defendant will carry
into execution the threats so made" is fatally defective be-
cause it is in the present tense, and relates to the time of
hearing, and fails to find that such fear existed at the time
complaint was made.

The proceedings had before the magistrate are authorized
by Comp. Laws Utah 1917, §§ 8567-8583, and the particular
matters here involved are governed by the following pro-
visions:

Section 8567.   "A complaint may be made before any magis-
trate that a person has threatened to commit an offense against the
person or property of another."

Section 8568.   "The magistrate must examine on oath the com-
plainant and any witnesses he may produce, and may take their
depositions in writing."

Section 8569.   "A complaint within the meaning of this chapter
is a statement in writing of the jurisdictional facts, clearly specify-
ing the threatened offense, and subscribed and sworn to by the com-
plainant."

Section 8570.   "If it appears that there is just reason to fear
the commission of the offense threatened, the magistrate may issue
a warrant directed generally to any peace officer, reciting the sub-
stance of the complaint and commanding the officer forthwith to
arrest the person complained of and bring him before such magis-
trate, or, in case of his absence or inability to act, before, the near-
est and most accessible magistrate of the county."

Section 8575.   "If, however, there is just reason to fear the com-
mission of the offense, the person complained of may be required to
enter into an undertaking in such sum, not exceeding $3,000, as
the magistrate may direct, with one or more sufficient sureties, to
keep the peace toward the people of this state, and particularly
toward the complainant.  *   *   *"

It is thus seen that the element of fear is not required

by the statute to be specifically stated in the complaint, but is to be concluded by the magistrate from the facts laid before him, as a prerequisite to the issuance of the warrant. The whole matter is reduced to the question of whether the showing made to the magistrate was sufficient to authorize him to conclude that there was just reason to fear the commission of the threatened offense.

We are not prepared to say as a matter of law that sworn proof of a threatened offense, and the belief of complainant that it will be carried into execution, is insufficient to authorize a magistrate to conclude that there is just reason to fear the commission of the offense threatened for the purpose of issuing a warrant of arrest.

But the question is not one of jurisdiction, and may not be inquired into in habeas corpus proceedings. It cannot be denied that the court had jurisdiction generally to try the issues and make the order complained of. Habeas corpus takes cognizance only of defects of a jurisdictional character, which render the proceedings not merely voidable, but absolutely void. *Bruce* v. *East*, 43 Utah, 327, 134 Pac. 1175. The rule is well settled and is supported by many cases. See annotation to *Ex parte Robinson*, L. R. A. 1918B, 1148. The following excerpt from the annotation above referred to indicates the extent to which the rule is applied:

"It has been said that, if from the accusation the court can deduce that the prosecutor intended to charge an act which is a crime, habeas corpus will not lie, however defectively the act is described; also that if the indictment or information purports or attempts to state an offense, and the court has jurisdiction to pass upon the sufficiency of those statements, the defendants after conviction will not be released on habeas corpus; and that, 'if a criminal charge is colorable, or "sufficient to set the judicial mind in motion" or to call upon it to act, or makes some approach towards charging a criminal offense, or intimates the facts necessary to constitute the offense and a purpose to declare thereon, or tends to show a criminal offense, no matter how informal or defective, or has a legal tendency to prove each requirement of the statute, it will shield the proceedings from collateral attack. In a word, no errors or irregularities not going to the question of jurisdiction are reviewable on habeas corpus.' The rule has been laid down in several

cases involving the sufficiency of complaints to charge misdemeanors, although probably the doctrine was not intended to be limited to this class of cases, that after trial and conviction for an alleged misdemeanor a prisoner will not be liberated on a writ of habeas corpus because of the insufficiency of the complaint, if, by any possible construction of the language employed therein, an offense against the law is thereby even defectively stated."

*In re Gregory,* 219 U. S. 210, 31 Sup. Ct. 143, 55 L. Ed. 184, Mr. Justice Hughes, speaking for the court, in a case where colorable questions were presented by the information and evidence, stated the rule as follows:

"A habeas corpus proceeding cannot be made to perform the function of a writ of error and we are not concerned with the question whether the information was sufficient or whether the acts set forth in the agreed statement constituted a crime, that is to say, whether the court properly applied the law, if it be found that the court had jurisdiction to try the issues and to render the judgment."

The petitioner's objection to the complaint considered as the basis of mere error is most hypercritical, and it is so unrelated to the subject of jurisdiction that it cannot be considered at all in a habeas corpus case.

The second objection to the proceedings is even less meritorious. Counsel for petitioner has cited cases to the effect that it is not a defense, or a ground for imposing costs upon the complaining witness, to show that, notwithstanding there were just grounds for fearing a breach of the peace when the complaint was filed, the grounds for such fear did not exist at the time of trial. *State* v. *Sayer,* 35 Ind. 379; *State* v. *Steward,* 48 Ind. 146; *Stone* v. *State,* 97 Ind. 345. No such questions arose in the proceedings now under consideration, nor is it seen how these proceedings give any support to the proposition that a judgment is void because it is expressed in the present tense, instead of as of the time when the complaint was filed. The objection is groundless, and not worthy of further comment.

The petition is denied, and the prisoner remanded to the custody of the sheriff.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.