Brian **MAGUIRE**, Plaintiff and Appellant,

v.

Sam W. **SMITH**, Warden, Utah State Prison, Defendant and Respondent.

No. 14145.

Supreme Court of Utah.

March 16, 1976.

Brian Maguire, pro se.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Brian Edward Maguire appeals from the refusal of the district court to grant his petition in habeas corpus in which he seeks to have declared void his conviction of second-degree murder.

Defendant was charged with first-degree murder. He waived trial by jury and chose to be tried by the court. The court dismissed the first-degree murder charge and found the defendant guilty of murder in the second degree. Petitioner appealed that conviction, claiming that it was error for the trial court to allow him to waive his right of trial by jury; and he also contended that due to rulings which seemed to render the death penalty as provided in our statute incapable of being imposed, the court was without jurisdiction to try him on a first-degree murder charge. These arguments were considered and his conviction was affirmed.[1]

In addition to raising the same arguments in this proceeding, petitioner also contends that because he was charged with first-degree murder, and that charge was dismissed, that this should be deemed to include dismissal of what he says is the different crime of second-degree murder.

We have frequently said: that habeas corpus cannot properly be used as a means of taking a belated appeal and invoking claims of error that could and should have been raised timely and in the regular means provided for appeal.[2] Further, it is and always has been the law that second-degree murder is a lesser included offense in first-degree murder; and consequently that one charged with first-degree murder is also charged with second-degree murder; and that if the evidence so justifies, he may be convicted of the latter offense, under a charge of first-degree murder.[3]

The denial of the petition is affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT, TUCKETT and MAUGHAN, JJ., concur.

1. *State v. Maguire*, 529 P.2d 421 (Utah 1974).

2. *Bruce v. East, Sheriff*, 43 Utah 327, 134 P. 1175 (1913); *Bryant v. Turner*, 19 Utah 2d 284, 431 P.2d 121 (1967).

3. *State v. Brennan*, 13 Utah 2d 195, 371 P.2d 27 (1962); *State v. Kukis*, 65 Utah 362, 237 P. 476 (1925).