[No. 20963.    Department One.—October 19, 1893.]

# THE PEOPLE, Respondent, *v.* JACKSON DEFOOR, APPELLANT.

Criminal Law—Charge of Assault to Murder—Conviction of Assault Bar to Charge of Mayhem—Former Conviction—Once in Jeopardy.—A conviction for an assault under an information charging an assault with intent to murder is a bar to a prosecution for mayhem committed during the assault, under a plea of a former conviction and once in jeopardy.

Id.—One Offense Part of Another.—Where one offense is a necessary element in and constitutes an essential part of another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to the prosecution for the other.

Appeal from a judgment of the Superior Court of Calaveras County and from an order denying a new trial.

The facts are stated in the opinion.

*Reddick & Solinsky*, for Appellant.

The court erred in excluding the testimony offered in support of the pleas of " once in jeopardy" and " former conviction." (*People* v. *Stephens*, 79 Cal. 428; *Jackson* v. *State*, 14 Ind. 327; *Regina* v. *Erlington*, 9 Cox C. C. 36; *State* v. *Lewis*, 2 Hawks, 98; 11 Am. Dec. 741; *State* v. *Cooper*, 13 N. J. L. 361; 25 Am. Dec. 490; *Fisher* v. *Commonwealth*, 1 Bush, 211; 89 Am. Dec. 620; *State* v. *Benham*, 7 Conn. 414; *Drake* v. *State*, 60 Ala. 43; *People* v. *Purcell*, 16 N. Y. St. Rep. 199; *Mason* v. *State*, 29 Tex. App. 24; *Commonwealth* v. *Arner*, 149 Pa. St. 35; *Fox* v. *State*, 50 Ark. 528; 1 Wharton's American Criminal Law, sec. 565; 1 Bishop on Criminal Law, secs. 885–89, 891; Rapalje on Criminal Procedure, sec. 136; *Parker* v. *State*, 22 Tex. App. 105; *Sipple* v. *People*, 10 Bradw. 144; *Robinson* v. *State*, 21 Tex. App. 160; *State* v. *Cooper*, 13 N. J. L. 362; 25 Am. Dec. 490; *People* v. *Majors*, 65 Cal. 141; 52 Am. Rep. 295.)

*Attorney-General W. H. H. Hart,* and *Deputy Attorney-General Charles H. Jackson,* for Respondent.

The court did not err in excluding the testimony offered on the pleas of "once in jeopardy" and "former conviction." The rule is that a former trial is not a bar, unless the first indictment or information was such that the prisoner might have been convicted upon proof of the facts set forth in the second indictment or information. (1 Bishop on Criminal Law, sec. 1051; *Freeland* v. *People,* 16 Ill. 380; *Severin* v. *People,* 37 Ill. 414; *Burns* v. *People,* 1 Park. Cr. Rep. 182; *People* v. *Saunders,* 4 Park. Cr. Rep. 196; *Regina* v. *Morris,* 10 Cox C. C. 480; *People* v. *Majors,* 65 Cal. 144; 52 Am. Rep. 295; *State* v. *Elder,* 65 Ind. 282; 32 Am. Rep. 69· *State* v. *Hattabough,* 66 Ind. 223; *Irvin* v. *State,* 7 Tex. App. 78; *Pickens* v. *State,* 9 Tex. App. 270; *Morgan* v. *State,* 34 Tex. 677; *Thomas* v. *State,* 40 Tex. 36; *Roberts* v. *State,* 14 Ga. 8 ; *Price* v. *State,* 19 Ohio, 423; *Commonwealth* v. *Roby,* 12 Pick. 496; *Commonwealth* v. *Wade,* 17 Pick. 395.)

Haynes, C.—The defendant was found guilty by a jury, and sentenced by the court to seven years imprisonment in the state prison, upon an information, for mayhem, committed upon one W. R. Jones on the nineteenth day of December, 1891.

The defendant pleaded not guilty, and also pleaded that he had once been in jeopardy for the offense charged, and also a further plea that he had been convicted of the offense charged upon judgment of the superior court of the same county of Calaveras.

The appeal is from the judgment and from an order denying his motion for a new trial. The bill of exceptions shows that on the nineteenth day of December, 1891, the complaining witness, Jones, was seated in Raggio's store; that the defendant came in and, after addressing some abusive language to Jones, struck him upon the head with a whisky glass; that Jones got up, whereupon the two men seized each other, and in the struggle

that followed fell upon the floor, each striking the other as opportunity offered, and that during the struggle Jones was bitten upon the thumb by the defendant.

The fight lasted about a minute and a half or two minutes, when the parties were separated by others who were present. The bite caused an abrasion upon the thumb between the first and second joints about the size of the head of a lead-pencil. The complaining witness the same day went to a physician and had the wound upon his head dressed, but did not call the attention of the physician to the injury to his thumb.

The following day he returned to the physician complaining of pains in his thumb, and received treatment therefor with a view to prevent blood poisoning. The treatment seems not to have been successful, and a few days later it became necessary to amputate the thumb.

Afterwards, on the fourth day of February, 1892, two informations were filed against the defendant, the first charging him with an assault upon the prosecuting witness, Jones, with a glass tumbler, with intent to kill and murder said Jones, and the second for mayhem.

In June, 1892, the defendant was tried upon the first information and convicted of an assault, and judgment was duly entered against him that he be imprisoned in the county jail of the county of Calaveras for the term of three months; and the defendant was then remanded to the custody of the sheriff under said judgment. This judgment was entered June 10, 1892, and the trial upon the charge of mayhem was immediately proceeded with.

Upon the trial of the information for mayhem, the defendant offered in evidence the information for assault with intent to murder, together with all the proceedings thereunder, including the verdict of the jury finding him guilty of assault, and the judgment of the court thereon, to which evidence the people, by the district attorney, interposed an objection, which was sustained by the court, and the evidence excluded, and the jury were instructed by the court upon each of these

issues to find for the people; to which rulings the defendant duly excepted.

No question is made as to the form or sufficiency of the pleas, nor as to the fact that there was but one conflict between the prosecuting witness and the defendant. The court erred in excluding the evidence offered by defendant in support of his pleas of former conviction and of once in jeopardy, and in instructing the jury to find upon those issues for the people.

The constitution provides that " no person shall be twice put in jeopardy for the same offense." The question arising under this provision is, what facts shall be held to constitute " the same offense" in any given case? That there are cases where at the same time and apparently by the same act different and entirely distinct offenses may be committed need not be disputed. But this is not one of them. It is assumed on the part of the people that evidence to support the information for mayhem would not prove an assault with intent to murder, and that that is the test by which the question at issue is to be determined. But in this counsel are mistaken. Section 1159 of the Penal Code is as follows: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

It was therefore entirely proper to charge the assault with intent to murder in a single count, and the effect of so pleading, the conviction being for assault only, is an acquittal of the higher offense; and a conviction of the lower gave the conviction precisely the same effect, for the purpose of a plea of former conviction, as though the information had been for that offense only.

The information for mayhem does not in terms charge an assault, and it is not necessary, under section 1159 of the Penal Code, that it should. Nevertheless, an assault by the defendant upon the prosecuting witness is an essential element of the charge of mayhem; and, under the common-law system of pleading, it was always al-

leged that the defendant, "intending to maim, etc., with force and arms, did make an assault upon," etc., and then alleged facts showing the accomplishment of the higher offense. (See Wharton's Precedents, 192.)

It is clear, therefore, that under section 1159 of the Penal Code, above cited, the defendant might have been convicted of an attempt to maim, or of an assault only; and if of an assault there would have been two convictions for precisely the same offense. Nor does it make any difference that the conviction was for the higher offense of mayhem, since that offense could not be proved without proving the assault for which he had already been convicted. The doctrine of merger, to which great importance is given in many of the cases, cannot aid the respondent. If the information for mayhem had been the only one filed, the conviction would have merged the lower included offense of an assault, but the conviction of mayhem could not merge a prior conviction and judgment for the same assault.

The circumstances under which courts have been called upon to determine what facts constitute the same offense have been so different and numerous that the authorities upon this subject are seriously conflicting, so far as the general question is concerned. I think, however, the views I have endeavored to express are amply sustained by the great weight of authority.

In Bishop's New Criminal Law, section 1058, subdivision 3, the learned author says: "A man convicted of an assault cannot afterwards be prosecuted for the battery in which it terminated; because, said Totten, J., 'the one is a necessary part of the other; and if he be now punished for the battery, he will thereby be twice punished for the assault.' (*State* v. *Chaffin*, 2 Swan. 493.) And by the general and better doctrine, a conviction or acquittal of a common assault will bar proceedings for an assault with intent to do great bodily harm, and other assaults aggravated in like manner." The only established exception to the foregoing proposition is where death subsequently occurs as a result of the as-

sault, where it has been held that there may be a pros-
ecution for the homicide, notwithstanding the previous
conviction for the assault and battery. The same learned
author above cited, in section 1051 of his work on crim-
inal law, further says: "If the two indictments set out
like offenses and relate to one transaction, yet if one
contains more of criminal charge than the other, but
upon it there could be conviction for what is em-
braced in the other, the offenses, though of different
names, are within our constitutional guaranty the
same." And in the following section the test is declared
to be " whether, if what is set out in the second indict-
ment had been proved under the first, there could have
been a conviction; when there could, the second cannot
be maintained; when there could not, it can be."

The case of *People* v. *Majors*, 65 Cal. 138, 52 Am. Rep.
295, cited by respondent, is not in point. There two
men were murdered at the same time and by the same
act. The defendant, having been convicted of the mur-
der of one, to an indictment for the murder of the other
pleaded a former conviction of the same offense. This
court properly held that the murder of different persons,
though by the same act, constituted different offenses,
and that a conviction for one could not be pleaded in
bar of the other.

In *People* v. *Stephens*, 79 Cal. 428, the prosecution was
for libel. The court said: " The only question in this
case is whether the second prosecution is for the same
offense as the first. If so, it cannot be maintained. The
first prosecution was for a libel contained in an article
published by the defendant in a newspaper. The second
prosecution is for a libel contained in the same article
and published in the same issue of the same newspaper
as the first. The words alleged to be defamatory are
not the same in both instances. If they were, the case
would be a plain one, but the publication in both cases
was one and the same act. ' The act which is the essen-
tial element in the wrong, slander, and libel, is a wrong-
ful publication of language.' (Townshend on Slander

and Libel, 121.)" So in the case at bar, the assault is the essential element in both the alleged offenses. See also cases cited by the court on pages 430, 431; and on page 432 in the same case, the court quoting from *State* v. *Smith*, 43 Vt. 324, said: " There is considerable conflict in the authorities upon this subject, but we think the rule is now well established that when one offense is a necessary element in and constitutes an essential part of another offense, and both are in fact but one transacaction, a conviction or acquittal of one is a bar to the prosecution for the other."

In *Wilcox* v. *State*, 6 Lea, 571, 40 Am. Rep. 53, it was held a conviction of robbery is a bar to a subsequent indictment, founded on the same transaction, for assault with intent to murder. The court said: " The assault or violence in the robbery case, being an essential element or ingredient of the offense, and constituting an important and material part of that offense, as it does in the offense of assault with intent to commit murder, and having been once punished in the robbery case as a material part thereof, it cannot be again punished, as it would be if the judgment below were allowed to stand."

In the same case the court further said:

"It was for the assault at the time of the robbery that the conviction was had in this case. Force and violence were proved in each case and were alike essential in both to sustain a conviction. It was one continuous transaction in which defendants perpetrated a robbery, by violence, dangerously wounding the prosecutor. Being one transaction, the prosecutor may carve as large an offense out of it as he can, but it is said 'he must cut only once.'"

In the case of the *United States* v. *Wilson*, 7 Pet. 150, the defendant was indicted for robbing the mail of the United States, and putting the life of the driver in jeopardy; the punishment for which was death. He was found guilty as charged. The President of the United States granted a pardon to Wilson; the pardon being expressly restricted to the sentence of death passed upon

the defendant, and expressly reserved from its operation the conviction then before the court of the charge of committing the same robbery, omitting the allegation of putting the life of the driver in jeopardy. The case came before the supreme court upon a certificate of a division of opinion by the judges of the lower court. In the opinion of the court, delivered by Mr. Chief Justice Marshall (see page 159), it was said: "Whether the pardon reached the less offense or not, the first indictment comprehended both the robbery and the putting life in jeopardy, and the conviction and judgment pronounced upon it extended to both. After the judgment no subsequent prosecution could be maintained for the same offense, or for any part of it, provided the former conviction was pleaded."

The same principle is announced by that court in *In re Snow*, 120 U. S. 274, and in *Hans Nielsen, Petitioner*, 131 U. S. 176. In the case of *Cooper* v. *State*, 13 N. J. L. 361, 25 Am. Dec. 490, the prisoner had been indicted, tried and convicted for arson. While still in custody under this proceeding, he was arraigned on an indictment for the murder of two persons who were in the house when it was burned. To this he pleaded the former conviction in bar, and the supreme court of New Jersey held it a good plea. (See also *State* v. *Smith*, 43 Vt. 324; *State* v. *Shepard*, 7 Conn. 54; *Moore* v. *State*, 71 Ala. 307.)

The vice of respondent's argument is in treating the first information as a charge of assault with intent to murder without regard to the included offense of an assault, and arguing thereon that because evidence showing that the defendant was guilty of the crime of mayhem would not convict him on the charge of an assault with intent to murder, that therefore the offenses were not the same within the meaning of the constitutional provision hereinbefore cited. In *People* v. *Gilmore*, 4 Cal. 380, 60 Am. Dec. 620, the court say: "An indictment by operation of law, for murder, is also an indictment for manslaughter, and every less offense that

may be included under the charge of murder just as much as though it were charged in distinct and separate counts." (See also *People* v. *Apgar*, 35 Cal. 391; *People* v. *Chung*, 94 Cal. 304; 28 Am. St. Rep. 129; Penal Code, sec. 1159.) The case therefore stands precisely as though the first information had been for an assault. The defendant having been convicted for that offense, he could not be prosecuted for mayhem committed during the same assault without violating the constitutional provision which protects him against being twice convicted of the same offense—a provision as important and to be as sacredly regarded as the right of trial by jury, or any other constitutional provision intended for the protection of the life, liberty or property of a citizen.

As the decision reached upon the principal question is conclusive of the case, it is not necessary to consider any of the other points urged by appellant. The judgment and order appealed from should be reversed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and it having been shown to the court that since the submission of the cause the defendant has died, it is ordered that this judgment be entered *nunc pro tunc* as of May 5, 1893.

PATERSON, J., HARRISON, J., GAROUTTE, J.