## STATE v. EMPEY.

No. 4219.   Decided August 20, 1925.   (239 P. 25.)

1.  CRIMINAL LAW—ONE CONVICTED ON COMPLAINT, INFORMATION, OR INDICTMENT, DEFECTIVE IN SUBSTANCE, HAS NOT BEEN IN JEOPARDY. Where one is convicted on complaint, information, or indictment, which is so defective in substance that it fails to state a public offense in contemplation of law, he has not been in jeopardy, and hence plea of former conviction or acquittal is no defense.

2.  CRIMINAL LAW—INVOLUNTARY MANSLAUGHTER WITH AN AUTOMOBILE NOT SAME OFFENSE AS RECKLESS DRIVING OF MOTOR CAR. Defendant was charged by complaint in justice court with operating motor car in violation of Comp. Laws 1917, § 3992, as amended by Laws 1921, c. 82, and convicted and thereafter was charged by information with involuntary manslaughter arising out of same transaction and convicted in district court. Held, in view of Comp. Laws 1917, §§ 8520, 8905, that, since offense complained against was complete before collision resulting in homicide, it was not part thereof, and hence there was no error in not submitting plea of former conviction in homicide trial.[1]

3.  CRIMINAL LAW—PROHIBITED ACT MAY BE SEPARATE FROM ITS CONSEQUENCES. Where certain acts are prohibited by law, the prohibited acts may be punished as a separate and distinct offense, while the consequences which may follow may likewise be punished as a separate and distinct offense.

4.  CRIMINAL LAW—SENTENCE "NOT EXCEEDING ONE YEAR" CONSTRUED AS SENTENCE FOR ONE YEAR. As statute provides punishment for involuntary manslaughter by imprisonment in

[1] Bruce v. East, 43 Utah, 327, 134 P. 1175; State v. Cheeseman, 64 Utah, 138, 223 P. 762.

jail "not exceeding one year," sentence of defendant to im-
prisonment in jail "not exceeding one year" is construed as
sentence for one year.

Appeal from District Court, Second District, Weber
County; *J. N. Kimball*, Judge.

James Empey was convicted of involuntary manslaughter,
and he appeals.

AFFIRMED.

*Allen T. Sanford*, of Salt Lake City, for appellant.

*Harvey H. Cluff*, Atty. Gen., and *L. A. Miner*, Asst. Atty.
Gen., for the State.

FRICK, J.

The defendant was charged with, and found guilty of, in-
voluntary manslaughter in the district court of Davis county,
Utah. He was duly sentenced to the county jail of said
county for a term "not exceeding one year." He appeals
and has assigned a number of errors. We shall consider such
assignments as are deemed material in their order.

When the defendant was arraigned in the district court
on the charge of involuntary manslaughter, he interposed a
plea of former conviction. The court at the trial instructed
the jury that there was no evidence in support of defend-
ant's said plea and withdrew that issue from the jury. The
defendant insists that the court committed prejudicial error
in not submitting the plea of former conviction to the jury,
and in not ruling as a matter of law that he had been once
in jeopardy.

The record shows that on the 4th day of July, 1923, the
defendant was driving an automobile on a public highway
in Davis county aforesaid, and that on the 5th day of July
a complaint was filed in the justice's court of said county
charging the defendant as follows:

Appeal from Second District.

"That said James Empey then and there did unlawfully and willfully operate a motor·car in violation of section 3992, Laws of Utah 1921, and that the said James Empey did then and there operate a motor vehicle, to wit, an automobile, on the public highway, in a careless and reckless manner, and when under the influence of liquor contrary to the provisions of the statutes of the state aforesaid in such cases made and provided, and against the peace and dignity of the state of Utah."

The defendant was accordingly arrested and brought before the justice and there entered a plea of not guilty to the foregoing complaint. Thereafter, upon a trial duly had in said justice's court on the 19th day of July, 1923, he was found guilty and fined the sum of $100, which he paid. The payment of the fine ended that proceeding. Immediately after the conviction and the payment of the fine, defendant was charged with involuntary manslaughter in the justice's court of Davis county. He, by that court, was held to answer to the district court, and in the latter court an information was filed charging him with involuntary manslaughter. In view of defendant's contentions, we also here insert in full the information filed against his in the district court, which is as follows:

"The said defendant, on July 4, 1923, at the county of Davis, state of Utah, willfully, unlawfully, and feloniously killed a human being, to wit, Nettie Baker, without malice, in the manner following, to wit:

"The said defendant, while engaged in the performance of a lawful act, which might produce death, to wit, while operating an automobile on the main public highway between Ogden and Salt Lake City in said Davis county, did then and there operate said automobile in an unlawful manner and without due caution and circumspection, in this:

"That the said defendant operated said automobile while he was under the influence of intoxicating liquor, and without looking ahead of him in the highway to observe the condition of traffic, and without in any manner or at all observing or keeping a lookout for automobiles using said highway; and said automobile at said time and place was driven by said defendant at an excessive rate of speed, to wit, at a rate of speed of 30 miles an hour, and was not under the control of the defendant; and that while thus operating said automobile at said time and place and in said unlawful manner and without due caution and circumspection, as afore-

said, the defendant struck and collided with another automobile in which Nettie Baker was riding, thereby inflicting upon her injuries and wounds from which she shortly thereafter died; contrary," etc.

Before proceeding to the consideration of the principal legal question raised by the defendant, it is convenient to dispose of a minor one, to wit, that the information filed in the district court "does not follow the complaint filed before the committing magistrate." It is true that the complaint filed before the justice of the peace, who acted as a committing magistrate, is not as complete as the information filed in the district court. The complaint was, however, not assailed in the justice's court. Quite apart from that fact, however, there is no substantial variance between the complaint and the information and hence defendant's contention in that regard cannot prevail.

We now proceed to consider defendant's principal contention, namely, that the district court erred in not submitting his plea of former conviction to the jury, and in not holding as a matter of law that the defendant had been once in jeopardy. It appeared from the evidence that the collision of defendant's automobile with the automobile in which Miss Baker was riding, and which caused her injury and subsequent death, occurred at the same time and at the same place that the defendant was charged with driving his automobile "in a careless and reckless manner, and when under the influence of liquor, contrary to the provisions of the statute, Comp. Laws 1917, § 3992, as amended by Laws of Utah 1921, c. 82." The defendant insists that the charge of manslaughter was for the same act and no other than the one for which he was convicted and fined in the justice's court, and therefore his plea of former conviction should have been sustained. In this connection it should be stated that the district court held that defendant's plea of former conviction was not availing for two reasons: (1) Because the complaint filed in the justice's court upon which he was convicted did not state a public offense, and (2) because the offense with which the defendant was charged in the infor-

mation filed in the district court did not constitute the same offense that he was charged with, and of which he was convicted, in the justice's court, nor was it included therein.

It is elementary that where one is convicted upon a complaint, information, or indictment, which is so defective in substance that it fails to state a public offense in contemplation of law, he has not been in jeopardy and hence a plea of former conviction or acquittal is no defense. Defendant's counsel, however, vigorously assails the district court's ruling that the complaint filed in the justice's court, and on which the defendant was convicted, was so defective that it can be assailed in a collateral proceeding. In that regard counsel contends that although a complaint may be defective, yet, after judgment of conviction, if the complaint is not entirely devoid of facts constituting an offense, the conviction when collaterally assailed will be sustained. In support of the contention, counsel cites and relies upon *Bruce* v. *East,* 43 Utah, 327, 134 P. 1175. He also cites the following authorities, which we here insert without comment and for the sole benefit of the reader: *Commonwealth* v. *Lecky,* 26 Am. Dec. 47, note; *State* v. *Gachenheimer,* 30 Ind. 63; *McLaughleis* v. *Etchison,* 127 Ind. 474, 27 N. E. 152, 22 Am. St. Rep. 658; *Ex parte Siebold,* 100 U. S. 376, 25 L. Ed. 717; *Ex parte Yarbrough,* 110 U. S. 651, 4 S. Ct. 152, 28 L. Ed. 274; *In re Gregory,* 219 U. S. 210, 31 S. Ct. 143, 55 L. Ed. 184; *Ex parte McNulty,* 77 Cal. 164, 19 P. 237, 11 Am. St. Rep. 257; *Hauser* v. *State,* 33 Wis. 678; 34 C. J. 517, 560; 29 C. J. 34, 41.

While we entertain some doubt as to whether the complaint filed before the justice of the peace and upon which defendant was convicted and fined stated a public offense, we, in view that the court denied the plea on both grounds, and that the case has been fully presented by both parties upon defendant's general assignment hereinbefore stated, shall waive the question respecting the sufficiency of the justice court complaint and proceed to dispose of the case upon defendant's general assignment, namely, that the acts and offense charged in the information filed in the district court

were the same as those charged in the complaint upon which
he was tried and convicted in the justice court, and that
for that reason his plea of former conviction should have
been sustained. In support of his contention, counsel refers
to and specially relies on Comp. Laws Utah 1917, § 8520,
which reads:

> "An act or omission which is made punishable in different ways
> by different provisions of this Code may be punished under either
> of such provisions, but in no case can it be punished under more
> than one; an acquittal or conviction and sentence under either
> one bars a prosecution for the same act or omission under any
> other."

Indeed, counsel insists that if it were not for the pro-
visions of that section his plea, under practically all of the
authorities, would be unavailing. Was it the intention of the
Legislature in adopting section 8520 to depart, and does
the language of that section necessarily require a departure,
from the general rule governing former jeopardy? Section
8520 is a verbatim copy of section 654 of the Penal Code of
California, and, as indicated in the note to section 8520, that
section was copied from the California Penal Code. There
is, however, another section of our Criminal Code, namely,
section 8905, which must be considered in connection with
section 8520, supra. Section 8905 provides:

> "When the defendant shall have been convicted or acquitted or
> been once placed in jeopardy upon an information or indictment
> the conviction, acquittal, or jeopardy shall be a bar to another
> information or indictment for the offense charged in the former, or
> for an attempt to commit the same, or for an offense necessarily
> included therein, of which he might have been convicted under
> that information or indictment."

Section 8905 is also a verbatim copy of section 1023 of the
California Penal Code. The latter section is the one that in
terms covers and controls the question of former jeopardy.
The Supreme Court of California has had frequent occasion
to pass upon the question of former jeopardy when inter-
posed as a defense. The gist of the California decisions is
very tersely though clearly stated in 7 Cal. Jur. p. 955, § 97,
where it is said:

"Coming now to the second main subdivision of the subject [former jeopardy] it is to be noted, first, that it is settled by the decisions that a plea of once in jeopardy, former acquittal, or former conviction is not good unless the second prosecution is for the same offense, both in law and in fact, as that for which the first prosecution was instituted."

In other words, the holding of the California Supreme Court has always been and now is that, unless the accused could have been legally convicted of the offense with which he is charged in the second complaint or information under the first one, the plea of former jeopardy, former conviction, or acquittal is not available. Among the many California cases that could be cited in support of the foregoing statement, we refer to the following: *People* v. *Devlin,* 143 Cal. 128, 76 P. 900; *People* v. *Majors,* 65 Cal. 138, 3 P. 597, 52 Am. Rep. 295; *People* v. *Bentley,* 77 Cal. 7, 18 P. 799, 11 Am. St. Rep. 225; *People* v. *McDaniels,* 137 Cal. 192, 69 P. 1006, 59 L. R. A. 578, 92 Am. St. Rep. 81; *People* v. *Defoor,* 100 Cal. 150, 34 P. 642; *People* v. *Ciulla,* 44 Cal. App. 725, 187 P. 49.

In *People* v. *Devlin,* supra, the accused was convicted of petit larceny. He was found in possession of certain articles recently stolen from a dwelling house and was accordingly charged with the offense and convicted. Later he was charged with burglary. It was made to appear on the trial for burglary that the larceny was committed at the same time and place that the burglary was committed, and as part of the same transaction. The Supreme Court of California, however, held that the petit larceny was an offense quite distinct from the burglary; that when the larceny was committed, after breaking into the dwelling house, the offense of burglary was complete, and that neither one was included within the other.

In *People* v. *Bentley,* supra, it was held:

"A conviction of an assault with a deadly weapon, under an information charging an assault with intent to commit murder, is not a bar to a subsequent conviction of an attempt to commit robbery, although the offenses were so closely connected in point of time that it is impossible to separate the evidence relating to them."

In *People* v. *McDaniels*, supra, the Bentley Case is criticized by several of the justices who took part in the later opinion. There are, however, exhaustive and very instructive notes following the McDaniels decision as reported in 92 Am. St. Rep., supra, in which the annotator suggests that the McDaniels Case is distinguishable from the Bentley Case. Be that as it may, however, as we hope to show, the case at bar falls far outside of the facts controlling the Bentley Case. Moreover, after the McDaniels Case was decided, the Bentley Case has been cited with approval by later California cases. It, therefore, is still recognized as the law of California.

In *People* v. *Defoor*, supra, it is held:

"Where one offense is a necessary element in, and constitutes an essential part of, another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to the prosecution for the other."

In the foregoing California decisions, as well as in others from that state not cited, the sections of the California Penal Code which were incorporated into our Criminal Code, and to which reference has been made, are frequently referred to and considered. That court has, however, never gone to the extent that counsel for the defendant in this case insists that we should go in upholding his contention respecting the plea of former conviction. This court, however, is committed to the doctrine announced by the California cases to which reference has been made. In *State* v. *Cheeseman*, 63 Utah, 138, 223 P. 762, where Mr. Justice Thurman, after referring to the cases in which the doctrine of when an acquittal of one offense is a bar to a prosecution for another, in speaking for this court (page 142 of the Utah Reports, 223 P. 764), says:

"It may be said, however, with perfect safety, that within the doctrine of the authorities cited the acquittal of a person for one offense is no bar to the prosecution of another, unless it appears that some essential element of the second offense was necessarily adjudicated and determined in the offense of which he was acquitted."

All of the authorities cited by defendant's counsel are to the same effect as are those to which reference has been made. Indeed, counsel in his brief says that he has referred to the

authorities only for the purpose of showing that our statute
is different and broader than are the generally existing statu-
tory and constitutional provisions which govern the subject
of former jeopardy, former conviction, or former acquittal.
The California decisions, which are based upon statutes pre-
cisely like ours, are, however, conclusive against counsel's
last contention. In view of what has been said, it is not nec-
essary to refer further to the authorities cited by defend-
ant's counsel, and we refrain from doing so.

Let us pause a moment to inquire into the real facts of
the case at bar. The undisputed facts that are controlling
are that on the afternoon of the 4th day of July, 1923, the
defendant was driving his automobile on a public highway in
Davis county. On the following morning he was arrested
and charged with having driven his automobile "in a care-
less and reckless manner, and when under the influence of
liquor, contrary," etc. On the trial of that charge, the evi-
dence was not limited to the manner defendant had driven
his car, nor to his state of mind, but it was made to appear,
as appears from the record, that he drove his car so carelessly
and recklessly that he ran it into and collided with another
one in which Miss Baker and others were riding, and that
by reason of the collision Miss Baker was fatally injured.
The extent and seriousness of her injury were, however, not
discovered until some time later. The evidence of the col-
lision, while not material to the charge of reckless driving,
was illustrative and perhaps somewhat demonstrative of the
manner in which the defendant did drive his car. The col-
lision and consequent injury of Miss Baker was, however,
clearly not a necessary element or ingredient in the charge
of careless and reckless driving while in an intoxicated con-
dition, which was the gravamen of the charge included in the
complaint before the justice of the peace, and upon
which defendant was convicted. The offense charged
in the complaint on which defendant was tried in the
justice court was complete before his automobile struck the
automobile in which Miss Baker was riding. He necessarily
would be guilty of the offense there charged, although he

had not struck or touched the other automobile. The first offense cannot, therefore, be part of the second one, for which he was tried in the district court. The offense of driving an automobile on a highway in a careless and reckless manner, and at an excessive rate of speed, especially when under the influence of intoxicating liquor, was created for the very purpose of preventing collisions and consequent injury to others who may be on the highway. To the mind of the writer, it would be a mere travesty of justice to hold that because one is convicted of having driven his automobile on a public highway in a careless and reckless manner, while in a state of intoxication, that such a conviction is a bar to a charge of manslaughter which was the result of the carelessness and recklessness of the driver of the automobile.

It would be just as reasonable to contend that a conviction for the offense of indulging in profane and abusive language is a bar to a prosecution for an assault and battery, or a homicide, which may result from the use of profane and abusive language. The use of abusive language, which is calculated to provoke assaults or worse, was made an offense and punished for the sole purpose of preventing personal violence. The offense of the use of abusive language is, therefore, complete before any violence occurs, and when the latter occurs it may also be punished according to the gravity of the offense. So here, the two offenses—careless and reckless driving and involuntary manslaughter—are as separate and distinct as day and night. Nor is it correct to say that because particular consequences may result from certain acts that such acts, in contemplation of law, necessarily make such consequences a part of such acts. Moreover, where certain acts are prohibited by law the prohibited acts may be punished as a separate and distinct offense, while the consequences which may, and at times do, follow, but are not necessarily the result of such prohibited acts, may likewise be punished as a separate and distinct offense. In this case, therefore, the district court was clearly right in holding that neither the facts nor the offense charged

Mandamus

in the information filed in that court were covered by, or included within, the acts and offense charged in the complaint filed in the justice court upon which the defendant was convicted and fined.

The contention that the sentence is erroneous because it provides that the defendant shall be imprisoned in the county jail of Davis county "not exceeding one year" is not tenable. The statute provides "involuntary manslaughter is punishable by imprisonment in the county jail not exceeding one year." The sentence imposed cannot be construed otherwise than as a sentence for one year. Such a sentence is entirely legal. True, it may be commuted by the board of pardons on application of defendant at any time before the year has expired, but unless so commuted the defendant must serve the time provided in the statute and as fixed in the sentence.

The judgment, therefore, should be, and it accordingly is, affirmed.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.