STANDFORD KING, alias S. KING, Plaintiff in Error, v.
STATE, Defendant in Error.
199 So. 38
Division B.
Opinion Filed December 10, 1940.

*Taylor* and *Carlton* and *Dwight E. Ogier,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Defendant in Error.

CHAPMAN, J.—On October 12, 1936, Standford King, alias S. King, was informed against on two counts in the Circuit Court of Clay County, Florida, for causing, aiding, counseling and procuring the burning of buildings with intent to injure the insurer thereof. He was duly arraigned and entered a plea of not guilty to each count of the information. He was then placed on trial and by a jury found guilty as charged in the information and was by the trial court sentenced to the State Prison at hard labor for a period of five years. The judgment of conviction is here for review on writ of error.

The information is drafted under Chapter 15602, Acts of 1931, Laws of Florida, viz.:

"Section 1. BURNING TO DEFRAUD THE INSURER.—Any person who wilfully and with intent to injure or defraud the insurer sets fire to or burns or attempts so to do or who causes to be burned or who aids, counsels or procures the burning of any building, structure or personal property, of whatsoever class or character, whether the property of himself or of another, which shall at the time be insured by any person, company or corporation against loss or damage by fire, shall be guilty of a felony and upon conviction thereof, be punished by imprisonment in the State prison for not more than five years."

The material portions of Count One of the information are viz.:

"That Lonnie Smith, on the sixteenth day of May in the year of our Lord one thousand nine hundred and thirty-six;

in the County and State aforesaid did willfully burn a certain building, to-wit, a certain two-story frame dwelling house then and there situate and known as 508 Palmetto Avenue in the Town of Green Cove Springs, the property of one Standford King alias S. King, said building being then and there insured against loss or damage by fire by The American Insurance Company of Newark, New Jersey, a corporation, with intent then and there to injure said insurer; and that the said Standford King alias S. King did willfully aid, counsel and procure him the said Lonnie Smith then and there to burn said certain building in the manner and form aforesaid, with intent then and there to injure said insurer;"

The material portions of Count Two of the information are viz.:

"That Lonnie Smith, on the sixteenth day of May in the year of our Lord one thousand nine hundred and thirty-six in the County and State aforesaid, did willfully burn a certain building, to-wit, a certain two-story dwelling house then and there situate and known as 508 Palmetto Avenue in the Town of Green Cove Springs, the property of one Standford King alias S. King, said building being then and there insured against loss of damage by fire by The American Insurance Company of Newark, New Jersey, a corporation, with intent then and there to injure said insurer; and that the said Standford King alias S. King did willfully cause him the said Lonnie Smith to then and there burn said certain building in the manner and form aforesaid, with intent then and there to injure said insurer;"

On October 19, 1939, the defendant below filed in the lower court a plea of *autrefois acquit* directed to the information in which it was contended that the defendant had been informed against, placed upon trial and by a jury acquitted or discharged of the offense or crime charged in

each count of the information filed November 12, 1936, and for this reason the State of Florida, as a matter of law, was precluded or barred from the further prosecution of the defendant under the aforesaid information. Section 12 of the Declaration of Rights of the Constitution of Florida provides that no person shall be *twice* placed in jeopardy for the same offense, nor compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law. See Article V of Amendments to the Constitution of the United States.

The second Count of the information under which the plaintiff in error was placed upon trial and acquitted material to a decision of this case is viz.:

"That Alonzo Smith alias Lonnie Smith, on the thirteenth day of May in the year of our Lord one thousand nine hundred and thirty-six, in the County and State aforesaid, did wilfully and maliciously burn a certain dwelling house, to-wit, the dwelling house of Hattie Hazelton, then and there situate and known as 508 Palmetto Avenue in the Town of Green Cove Springs, Florida;

"And John W. Harrell, State Attorney as aforesaid, prosecuting for the State of Florida in the said county, under oath does further information make, that Standford King alias S. King did aid, counsel and procure him the said Alonzo Smith alias Lonnie Smith the burning of said dwelling house in the manner and form aforesaid then and there to do and commit;"

This information and particularly Count Two thereof, was drafted under the provisions of Section 1 of Chapter 15603, Acts of 1931, Laws of Florida, viz.:

"Section 1. ARSON.—FIRST DEGREE. Any person who wilfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, whether occupied, unoccupied, or vacant, or

any kitchen, shop, barn, stable, or other outhouse that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of Arson, in the First Degree, and upon conviction thereof, be punished by imprisonment in the State prison for not more than twenty years."

The question posed by counsel for a decision herein is viz.:

"Where, upon an information charging one, as an accessory before the fact, with the aiding, counseling and procuring the principal to wilfully and maliciously burn a certain dwelling house, and such accessory is acquitted, and then such accessory is brought on for trial upon another information charging such accessory with the aiding, counseling and procuring and causing the same principal to wilfully burn a certain building, said building being then and there insured against loss or damage by fire, with intent then and there to injure said insurer—and such accessory pleads to the second information 'autrefois acquit' under the first information, alleging as to the second information: that he is the same defendant and that the house and the burning is the same house and the same burning, respectively, as set forth in the first information, of which he had theretofore been tried and acquitted—and to which plea the State demurred *ore tenus* that such plea presented no defense—should the demurrer have been sustained?"

If the order of the lower court sustaining the demurrer of the State of Florida to the plea of *autrefois acquit* filed by the defendant and directed to the information filed October 12, 1936, is correct, then the judgment appealed from must be affirmed. If the order sustaining the demurrer interposed by the State and directed to the plea of *autrefois acquit* filed by the defendant is erroneous, then the judgment appealed from must be by this Court reversed.

The essentials to sustain a plea of former jeopardy are: (1) that there was a former prosecution in the same State for the same offense; (2) that the same person was in jeopardy on the first prosecution; (3) that the parties are identical in the same prosecution; (4) that the particular offense on the prosecution of which the jeopardy attached, was such an offense as to constitute a bar. See Wharton's Criminal Evidence (11th Ed.) Vol. 2, pages 1480-1, par. 859. The rule *supra* is in line with the decisions of this Court as enunciated in Tufts v. State, 41 Fla. 663, 27 So. 218; Wallace v. State, 41 Fla. 547, 26 So. 713; Southworth v. State, 98 Fla. 1184, 125 So. 345; Pottinger v. State, 122 Fla. 405, 165 So. 276; Driggers v. State, 137 Fla. 182, 188 So. 118; Williams v. State, 137 Fla. 189, 188 So. 121, and in 22 C. J. S. pages 414-416, par. 278; 14 Am. Jur. p. 957, par. 278.

The case of Smith v. State, 135 Fla. 835, 186 So. 203, throws much light on the case at bar. As pointed out in Pottinger v. State, *supra,* the test is whether the defendant has been twice in jeopardy and not whether he has been tried before for the same 'act. Has the defendant been placed in second jeopardy for the identical act or crime and is this shown by the plea of *autrefois acquit?* The answer to this question is the identity of the second offense or whether or not the evidence necessary to convict in the second case was admissible under the first offense; that the testimony relates to the same charge and that it warranted a conviction on the first offense. See Wharton's Criminal Evidence (11th Ed.) Vol. 2, pages 1483-4, par. 860.

Material allegations of the two Counts of the information under which plaintiff in error was convicted are: "said building being then and there insured against loss or damage by fire by The American Insurance Company of Newark, New Jersey, with intent then and there to injure said in-

surer; and the said Standford King alias S. King did willfully aid, counsel and procure him the said Lonnie Smith then and there to burn said certain building in the manner and form aforesaid . . ." Some few words *supra* are omitted in the second Count.

Applying the test rule *supra* as promulgated by Wharton, we think testimony could be offered in evidence to sustain the material allegations of Counts 1 and 2 under which the plaintiff in error was convicted, but the same testimony could be admitted when the defendant was being tried on the charges under which he was discharged by the jury. Section 1 of Chapter 15603, *supra,* defines a separate and distinct crime from the crime denounced by Section 1 of Chapter 15602, *supra.* The order of *autrefois acquit* was not erroneous.

The judgment appealed from is hereby affirmed.

WHITFIELD, and BROWN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.