**THE STATE OF FLORIDA v. JAMES ROBERT BACOM**

30 So. (2nd) 744      January Term, 1947
June 3, 1947      Special Division B
Rehearing denied June 23, 1947

J. *Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, *Robert R. Taylor,* County Solicitor, and *Emmett W. Kehoe,* Assistant County Solicitor, for appellant.

*Robert H. Givens, Jr.,* for appellee.

KANNER, Associate Justice:

The appellee plead guilty and was sentenced under an information of which one count charged him with reckless driving of an automobile, under Section 317.21 of F. S. 1941, and the other count with operating a motor vehicle while under the influence of intoxicating liquor, under Section 317.20 F. S. 1941. Thereafter he was charged with manslaughter, under Section 782.07 F. S. 1941 (distinct from Section 860.01, F. S. 1941, which denounces death by operation of motor vehicle while intoxicated), in that he committed a homicide through his culpably negligent operation of an automobile. A defense thereto of autrefois convict was upheld and the information quashed.

The order quashing the information was upon the theory that, the appellant having been convicted of the offenses mentioned, the subsequent prosecution for manslaughter put him in second jeopardy. The State has appealed, contending there was no second jeopardy, for the reason that there was no identity of offenses.

The essentials necessary to constitute a good plea of former jeopardy are succinctly stated in the case of King v. State, 145 Fla. 286, 199 So. 38, quoting from page 40, as follows:

"The essentials to sustain a plea of former jeopardy are: (1) that there was a former prosecution in the same State for the same offense; (2) that the same person was in jeopardy on the first prosecution; (3) that the parties are identical in the same prosecution; (4) that the particular offense on the prosecution of which the jeopardy attached was such an offense as to constitute a bar."·

In the King case, King was charged as an accessory to burning a house with intent to injure the insurer. He interposed plea of former jeopardy, that he had previously been acquitted on a charge of being an accessory to burning the same house. This Court held the plea had and, quoting from page 40, said:

" . . . Has the defendant been placed in second jeopardy for the identical act or crime and is this shown by the plea of autrefois acquit? The answer to this question is the identity of the second offense or whether or not the evidence necessary to convict in the second case was admissible under the first offense; that the testimony relates to the same charge and that it warranted a conviction on the first offense. See Wharton's Criminal Evidence, 11th Ed., Vol. 2, pages 1483, 1484, par. 860.

"Material allegations of the two counts of the information under which plaintiff in error was convicted are: 'said building being then and there insured against loss or damage by fire by The American Insurance Company of Newark, New Jersey, with intent then and there to injure said insurer; and the said Standard King alias S. King did willfully aid, counsel and procure him the said Lonnie Smith then and there to burn said certain building in the manner and form aforesaid. . . .'

"Applying the test rule, supra, as promulgated by Wharton, we think testimony could be offered in evidence to sustain the material allegations of Counts 1 and 2 under which the plaintiff in error was convicted, but the same testimony could not be admitted when the defendant was being tried

on the charges under which he was discharged by the jury. Section I of Chapter 15603, supra, defines a separate and distinct crime from the crime denounced by Section I of Chapter 15602, supra. The order sustaining a demurrer interposed by the State of Florida to the plea of autrefois acquit was not erroneous."

The decision in the King case is in keeping with the general rule found in 15 Am. Jur. 56, Criminal Law, Section 380, as follows:

"Offenses are not the same if upon the trial of one proof of an additional fact is required, which is not necessary to be proved in the trial of the other although some of the same acts may be necessary to be proved in the trial of each."

Also see 22 C. J. S. 428, Criminal Law, Section 285.

So it is, material and additional evidence could be introduced and would be required under a manslaughter charge for the culpably negligent operation of an automobile, which type of evidence would not be admissible under either of the other offenses here involved.

Is the offense of reckless driving, where conviction has been had thereupon, such a part of a manslaughter charge, by the culpably negligent operation of an automobile, which arises out of the same transaction, a bar to prosecution for manslaughter?

The general rule appears to be that a prosecution for violation of a motor vehicle act or code will not operate as a bar to a subsequent prosecution for manslaughter. The rule is stated in 22 C. J. S. 444, Criminal Law, Section 295-B, as follows:

"A prosecution for a violation of a motor vehicle act or code has been held not to bar a prosecution for manslaughter. Thus a failure of a motorist to stop, give his name, and render assistance after an accident is not included within or related to the crime of manslaughter, and prosecution for both offenses do not constitute double jeopardy; and such rule applies to driving in a careless and reckless manner while intoxicated and manslaughter; driving a motor vehicle while intoxicated and manslaughter; and failure to report the details of an accident immediately and manslaughter."

In the case of People v. Herbert, 6 Cal. (2) 541, 28 P. (2) 909, due to the reckless driving of an automobile, by defendant, death resulted, and the defendant was charged, convicted and sentenced for reckless driving. Thereafter he was charged with manslaughter, based upon the same identical facts upon which he had been convicted of reckless driving. He plead former jeopardy and his contention was overruled. See also State v. Empey, 65 Utah, 609, 239 P. 25; State v. Thatcher, 108 Utah 63, 157 P. (2) 258; State v. Midgett, 214 N. C. 107; 198 S. E. 613; State v. Fields, 221 N. C. 182, 19 S. E. (2) 486; Commonwealth v. Maguire, 313 Mass. 669, 48 N. E. (2) 665.

The offense of reckless driving and the offense of manslaughter, even though they may stem from the same occurrence, are not the same, either in law or in fact; nor is the one a lesser degree of the other.

Is the offense of operating an automobile while under the influence of intoxicating liquor, where conviction has been had thereupon, such a part of a manslaughter charge, by the culpably negligent operation of an automobile, which stems out of the same occurrence, a bar to prosecution for manslaughter?

These two charges are not necessarily alike. The gravamen of the charge "driving while intoxicated" is the condition of being under the influence of intoxicating liquor, but intoxication may be entirely absent in the other offense.

The authorities heretofore cited relating to reckless driving are applicable to this present proposition. Refer to the case of State v. Empey, supra, which also involved the question of driving when under influence of liquor, and to the statement quoted from 22 C. J. S. 444, Section 295-B.

See also Smith v. State, 159 Tenn. 674, 21 So. (2) 400; People v. Trantham, 24 Cal. App. (2) 177, 74 P. (2) 851; Cutshall v. State, 191 Miss. 764, 4 So. (2) 289.

So it is, "driving while intoxicated" does not operate as a bar to the subsequent prosecution for manslaughter.

The cases cited by appellee, where plea of double jeopardy was upheld, are not applicable to this present situation, be-

·cause the conviction in each such case related to a lesser ·offense, which was clearly embraced within a greater offense.

The trial court was, therefore, in error when it entered an order quashing the information, and its judgment is hereby reversed.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.