James Robert Bacom was convicted of manslaughter by operation of automobile while intoxicated, and he appeals.
Affirmed.
Count Two of an information drafted under Section 860.01, F.S.A., filed in the Criminal Court of Record by the County Solicitor of Dade County, Florida, against the appellant, James Robert Bacom, in part, alleged that "James Robert Bacom of the County of Dade and State of Florida, on the 1st day of August, A.D. 1946, in the County and State aforesaid, did then and there unlawfully, while intoxicated, drive a certain motor vehicle, to wit, an automobile, a further and more particular description of said automobile being to the County Solicitor unknown, which he, the same James Robert Bacom, was then and there driving upon and along the public highways of Dade County, Florida, and by driving and operating said motor vehicle, as aforesaid, while intoxicated, as aforesaid, did then and there strike, wound and injure one Marion L. Moore, Jr., and by this striking the said Marion L. Moore, Jr., did inflict in, on and upon his said body certain mortal wounds * * *."
The defendant-appellant was tried by a jury under the aforesaid count of the information, resulting in a verdict of guilty. A motion for a new trial was made and *Page 795 
denied, when the trial court sentenced the appellant to the State Prison at hard labor for a period of fifty-six months. An appeal has been perfected here.
The defendant-appellant contended in the court below and here that the judgment of manslaughter now under review constitutes double jeopardy because of the following factual circumstances. The defendant-appellant entered a plea of guilty to an information consisting of two counts charging the same offense as are involved on this appeal in the Court of Crimes in Dade County, Florida, and was by the trial court adjudged guilty of (a) operating a motor vehicle while under the influence of intoxicating liquor and (b) reckless driving. For the offenses he was fined the sum of $150.00 and sentenced to the County Jail of Dade County for a period of three months. He paid the fine and served the jail sentence of three months.
The two counts, supra, were drafted under Sections 317.20 and 317.21, F.S.A., and pertinent allegations thereof are viz: Count One: "* * * that James Robert Bacom of the County of Dade and State of Florida, on the 1st day of August, in the year of our Lord, one thousand nine hundred and forty six, in the County and State aforesaid, did then and there unlawfully drive upon the public highways of Dade County, Florida, a motor vehicle while under the influence of intoxicating liquor to such an extent that his normal faculties were impaired, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida." Count Two: "* * * that James Robert Bacom of the County of Dade and State of Florida, on the 1st day of August, A.D. 1946, in the County and State aforesaid, did then and there unlawfully drive a motor vehicle upon and along the public highways of Dade County, Florida, in wilful and wanton disregard for the safety of persons and property, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."
On August 6, 1947, after the appellant paid the fine of $150.00 and served the jail sentence of three months, the County Solicitor of Dade County filed in the Criminal Court of Record an information in two counts charging defendant-appellant with the crime of manslaughter. The trial court sustained a motion to quash this information on the ground of double jeopardy and on appeal here by the State of Florida the order quashing the information in the court below was by this Court reversed. See State v. Bacom, 159 Fla. 54, 30 So.2d 744, 172 A.L.R. 1050. The cause was remanded and the defendant tried by a jury under the second count, supra, the State having abandoned the first count thereof. In the case of King v. State, 145 Fla. 286, 199 So. 38, we held the essentials of a plea of former jeopardy were (1) that there was a former prosecution in the same State for the same offense; (2) that the same person was in jeopardy on the first prosecution; (3) that the parties are identical in the same prosecution; (4) that the particular offense on the prosecution of which jeopardy attached was such an offense as to constitute a bar. The question of former jeopardy raised on this appeal was placed at rest in our recent holding in State v. Bacom, supra.
Counsel for appellant by motion in the lower court challenged the jury panel and the pertinent language is viz: "In the preparation of the jury list from which said panel was drawn all female citizens of Dade County, Florida, were consistently and deliberately excluded from the list even though they were otherwise qualified to perform jury service * * * By reason of this exclusion this defendant will be denied a trial by an impartial jury chosen from the body of this (Dade) County if he is required to stand trial by a jury selected from said panel". Section 913.01, F.S.A., prescribes the procedure of obtaining a ruling of the trial court upon a challenge to the entire panel. We are requested to hold Section 40.01(1), F.S.A., unconstitutional under Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181, and Thiel v. Southern Pacific Co., 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181, 166 A.L.R. 1412.
We have examined the authorities cited and considered the question and failed to find that the appellant has been denied "due *Page 796 
process". It has not been made to appear that he has not received a fair and impartial trial.
The deceased, as shown by the record, was on the proper side of the highway traveling in a northerly direction at about 40 miles per hour when struck by the defendant. The defendant-appellant was driving his automobile at the time of the collision in the opposite direction and drove it across the center of the highway into the lane the deceased was traveling and struck the motorcycle at a point between the center line and the edge of the highway on the deceased's side of the road. The testimony shows that Bacom at the time of the collision was drunk. One of the State's witnesses testified that the appellant was drunk, "his speech was impaired, his eyes bloodshot and he staggered". The defendant-appellant did not testify at the trial.
We fail to find error in the record.
Affirmed.
ADAMS, C.J., and TERRELL, THOMAS, SEBRING, BARNS and HOBSON, JJ., concur.