**BACOM v. SULLIVAN, Sheriff.**

No. 13397.

United States Court of Appeals
Fifth Circuit.

Feb. 5, 1952.

Robert H. Givens, Jr., Miami, Fla., for appellant.

Reeves Bowen, Asst. Atty. Gen., State of Fla., Richard W. Ervin, Atty. Gen., State of Fla., Roht. R. Taylor, County Sol., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This proceeding in habeas corpus was brought to test the validity of a State court conviction in which petitioner contends that he was twice put in jeopardy for the same offense, and thus denied due process, contrary to the Fourteenth Amendment to the Constitution of the United States.

On August 1, 1946, in Dade County, Florida, an automobile driven by petitioner collided with a motorcycle, causing the death of the rider of the motorcycle.

On August 5, 1946, petitioner was informed against in the Criminal Court of Record for Dade County, Florida, for (1) operating a motor vehicle while under the influence of intoxicating liquor, and (2) operating said vehicle in wanton disregard of the safety of persons and property. The cause was transferred to the Court of Crimes for Dade County, where petitioner was convicted, paid a fine, and served a three month jail sentence for those offenses.

Thereafter, another information was filed in said Criminal Court of Record, based upon the same incident, charging (1) manslaughter while operating an automobile "recklessly and with culpable negligence," and (2) manslaughter in the operation of an automobile "while intoxicated." The Criminal Court of Record for Dade County quashed the last mentioned information on the ground that it constituted double jeopardy, but the Supreme Court of Florida reversed. State v. Bacom, 159 Fla. 54, 30 So.2d 744, 172 A.L.R. 1050.

Thereafter, petitioner was convicted on the second count of the manslaughter information, the first count having been abandoned, and was sentenced to confinement at hard labor for 56 months. He took a direct appeal from that judgment to the

Supreme Court of Florida, where the conviction was affirmed, the latter court again holding that petitioner was not subjected to double jeopardy. Bacom v. State, Fla., 39 So.2d 794. See also King v. State, 145 Fla. 286, 199 So. 38. The United States Supreme Court denied certiorari. Bacom v. State of Florida, 338 U.S. 835, 70 S.Ct. 41, 94 L.Ed. 510.

Petitioner then entered the federal courts with a petition for writ of habeas corpus, again asserting double jeopardy. He was dismissed in the district court, and the judgment affirmed here, because he had not pursued his state court remedies by habeas corpus. Bacom v. Sullivan, 5 Cir., 181 F.2d 177. Following that decision, petitioner instituted a state court proceeding in habeas corpus, in which he failed in the lower court and his appeal was dismissed without opinion by the Supreme Court of Florida, no doubt because that court had already twice decided the question presented. Bacon (sic) v. Sullivan, Fla., 51 So.2d 189.

No application for certiorari was made to the Supreme Court of the United States to review the last mentioned judgment of the Supreme Court of Florida dismissing the appeal in the habeas corpus proceeding. Instead, petitioner returned to the federal district court with a new petition for writ of habeas corpus, which writ was issued below, but later quashed, because he had not applied to the United States Supreme Court for certiorari to review the judgment of the Florida Supreme Court dismissing his state court writ of habeas corpus, and hence had not exhausted his state court remedies. That decision is now before us for review.

■ In Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, it is held that "ordinarily," an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal district court only after all state remedies available in the state courts, including all appellate remedies therein, have been exhausted, and review has been denied by the United States Supreme Court. The district judge applied this rule in quashing the writ below.

The rule just referred to, however, is not an inflexible one. In the Darr case, at 339 U.S. 210, 70 S.Ct. 593, 94 L.Ed. 770, it is further said: "Ex parte Hawk [321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572] prescribes only what should 'ordinarily' be the proper procedure; all the cited cases from Ex parte Royall [117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868] to Hawk recognize that much cannot be foreseen, and that 'special circumstances' justify departure from rules designed to regulate the usual case. The exceptions are few but they exist. Other situations may develop." Thus it appears that the general rule of the Darr case is not intended as an absolute.

When the case was here before, 181 F.2d 177, petitioner was denied relief because, ignoring comity, he had not pursued his remedy by habeas corpus in the Florida state courts. He has since unsuccessfully carried the question through those courts to the Florida Supreme Court, and on petitioner's direct appeal from the judgment of conviction the United States Supreme Court declined to review the Supreme Court of Florida on the precise question here presented.

Nothing will be gained by requiring petitioner to retrace his steps and begin another tedious, and perhaps dilatory, trek through the courts, only to ask the Supreme Court of Florida to again consider the same question it has already thrice decided against him, and to again ask the United States Supreme Court to review the precise question it has already declined to review. Florida's sovereignty has been fully respected, the requirements of comity fully satisfied, by the prior proceedings in her courts.

■ The unique and extraordinary circumstances here present bring this case within the exceptions contemplated by the Darr case, rather than within the general rule therein stated. All that could be accomplished by following the "ordinary" rule in the Darr case has already been done, and the requirements of the Darr case rule satisfied for all practical purposes. It is obvious that any further effort to secure review would be futile and a work of supererogation. In the Darr case, the United States Supreme Court had not been given an opportunity to review the judg-

ment of conviction complained of. In the case at bar it has been given that opportunity.

This petitioner was sentenced on March 8, 1948, nearly four years ago, for an offense committed five and one half years ago. Thus does justice sometimes walk with leaden feet. If petitioner's conviction is valid, it is time he started serving his sentence. If it is void, it it time to relieve him of it. If petitioner must again take the question through the Florida courts, and to the United States Supreme Court on petition for certiorari, then begin anew his journey through the federal courts, it is likely that two additional years will be consumed in the process.

While no relaxation of the general rule in the Darr case is intended, in the extraordinary circumstances here involved we think the Gordian knot should be cut, the question considered on its merits, and the matter put at rest.

Reversed and remanded.