## BACOM v. SULLIVAN, Sheriff.
### No. 14113.

United States Court of Appeals
Fifth Circuit.
Nov. 25, 1952.
Writ of Certiorari Denied March 9, 1953.
See 73 S.Ct. 651.

to custody under the state court judgment, from which order this appeal is taken.

On August 1, 1946, in Dade County, Florida, an automobile driven by petitioner crossed over to the wrong side of the highway and collided with a motorcycle proceeding in the opposite direction, killing the rider of the motorcycle.

On August 30, 1946, in the Court of Crimes for Dade County, petitioner pleaded guilty to an information filed August 5, 1946, charging him with (1) driving a motor vehicle "while under the influence of intoxicating liquor to such an extent that his normal faculties were impaired," and (2) driving said vehicle "in willful or wanton disregard for the safety of persons or property", contrary to secs. 317.20 and 317.-21, Fla.Stat.Ann. These are misdemeanors. Petitioner paid a fine and served a three months jail sentence for these offenses.

Approximately one year later, on August 6, 1947, an information was filed in the Criminal Court of Record for Dade County, charging petitioner with the felony of manslaughter committed by the operation of a motor vehicle "while intoxicated," contrary to sec. 860.01, Fla.Stat.Ann. The Florida Supreme Court held that this second information did not subject petitioner to double jeopardy. State v. Bacom, 159 Fla. 54, 30 So.2d 744, 172 A.L.R. 1050. Petitioner was thereafter tried and convicted on the second information, and sentenced to imprisonment for 56 months. The Supreme Court of Florida affirmed, 39 So.2d 794, and the United States Supreme Court denied certiorari, 338 U.S. 835, 70 S.Ct. 41, 94 L.Ed. 510. Petitioner contends that the latter prosecution constituted double jeopardy.

■ To constitute double jeopardy, it is not enough that the second prosecution arise out of the same facts as the first. It must be for the same "offense." The same act may constitute an offense against two separate statutes. The recognized test for determining the identity or separateness of offenses charged in two indictments is whether or not the same proof will sustain a conviction under both, or whether one requires proof of facts not required by the other. Chrysler v. Zerbst, 10 Cir., 81 F.2d

---

Robert H. Givens, Jr., Miami, Fla., for appellant.

Reeves Bowen, Asst. Atty. Gen. of Fla., Robt. R. Taylor, Miami, Fla., Richard W. Ervin, Atty. Gen. of Fla., for appellee.

Before BORAH, STRUM and RIVES, Circuit Judges.

STRUM, Circuit Judge.

After a protracted and devious journey through the courts, appellant, as a petitioner in habeas corpus, is here renewing his oft asserted contention that in a Florida state court he was twice placed in jeopardy for the same offense, and thus denied due process and equal protection, contrary to the Fourteenth Amendment.

On the last appeal, Bacom v. Sullivan, 5 Cir., 194 F.2d 166, where the past history of the case is fully set out, we remanded the cause for consideration on the merits. After hearing petitioner, the district judge discharged the writ and remanded petitioner

975; McGinley v. Hudspeth, 10 Cir., 120 F. 2d 523. If one statute requires proof of a fact which the other statute does not, then the offenses are not the same, and a conviction or acquittal under one does not bar a prosecution under the other as double jeopardy. Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500; Sims v. Rives, 66 App.D.C. 24, 84 F.2d 871, certiorari denied 298 U.S. 682, 56 S.Ct. 960, 80 L.Ed. 1402. In the latter case, quoting from Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153, it was aptly said " * * * the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes." [66 App.D.C. 24, 84 F.2d 876.]

Applying these principles, it is apparent that evidence sufficient to convict this petitioner under the first charge would not have sustained the second charge. The offense charged in the first information is a "traffic offense," in which no wrongful homicide is involved. That offense consists wholly of driving a motor vehicle on a public highway while under the influence of intoxicating liquor to the extent stated. When proof of those facts has been made, that offense has been established.

The gravamen of the second charge is a wrongful homicide, an element altogether lacking in the first. To establish the second charge it must be shown not merely that the accused drove a motor vehicle on a public highway while under the influence of intoxicating liquor, but also that in the process he committed a wrongful homicide. Though the driving of a vehicle along a public highway while under the influence of intoxicants is an ingredient of each, it is clear that the two offenses are distinct both in law and fact. For the same reasons, the traffic offense charged in the first information is not a lesser degree of the homicide charged in the second. Neither should the different degrees of intoxication involved in the two offenses be overlooked. In the first it is required only that the motor vehicle be driven by a person who is under the influence of intoxicating liquor to the extent that his normal faculties are "impaired." In the second, the driving must be done while "intoxicated," a higher degree of inebriation than the first.

Moreover, the jurisdiction of the Court of Crimes, where petitioner pleaded guilty to the first information, was limited to misdemeanors. That court had no jurisdiction to try petitioner for the felony charged in the second information. The jeopardy to which petitioner was subjected in the Court of Crimes did not extend to an offense beyond its jurisdiction to try. Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500.

■ As the two offenses are separate and distinct, petitioner has not been subjected to double jeopardy, and hence has not on that account been denied due process nor equal protection. District of Columbia v. Buckley, 75 U.S.App.D.C. 301, 128 F.2d 17; People v. Herbert, 6 Cal.2d 541, 58 P.2d 909; State v. Empey, 65 Utah 609, 239 P. 25, 44 A.L.R. 558; State v. Bacom, 159 Fla. 54, 30 So.2d 744, 172 A.L.R. 1050; Bacom v. State, Fla., 39 So.2d 794. Affirmed.